Spencer C. Skeen, CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson, CA Bar No. 265794
tim.johnson@ogletree.com
Jesse C. Ferrantella, CA Bar No. 279131
jesse.ferrantella@ogletree.com
Nikolas T. Djordjevski, CA Bar No. 294728
nikolas.djordjevski@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:  858-652-3101

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERITA CORADO-CORTEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>XPO LOGISTICS, INC., a Connecticut Corporation; XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation, and DOES 1-50, inclusive<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; and Declarations of Debra Myers and Jesse C. Ferrantella]<br><br>Action Filed:     January 15, 2019<br>Action Removed:  April 12, 2019<br>Trial Date:         None set |

38135197_1.docx

Defendants XPO LOGISTICS, INC.; XPO LOGISTICS FREIGHT INC.; XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC.; XPO LOGISTICS SUPPLY CHAIN, INC.; and XPO LOGISTICS WORLDWIDE, INC. ("Defendants") remove this action from the San Bernardino County Superior Court to the Central District of California under 28 U.S.C. § 1332(d) (Class Action Fairness Act ["CAFA"]). Removal is proper because: (1) Plaintiff and other members of the putative class are citizens of a State different from any defendant; (2) the number of members of the putative class is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. The above facts were true when Plaintiff filed her Complaint and remain true as of this Notice of Removal. All CAFA requirements are satisfied.

## I.    STATE COURT ACTION

1.     Plaintiff Emerita Corado-Cortez ("Plaintiff") filed a Class Action Complaint on or about January 15, 2019 in the San Bernardino County Superior Court ("Action"). The Action was assigned Case No. CIVDS1901162. (Declaration of Jesse C. Ferrantella ["Ferrantella Decl."], ¶ 2.) A copy of the Complaint is attached as **Exhibit 1.**

2.     Defendants were served with the Complaint on March 13, 2019. (Ferrantella Decl., ¶ 3.) A copy of the proof of service is attached as **Exhibit 2**.

3.     Plaintiff requested to continue the initial case management conference on or about March 19, 2018. (Ferrantella Decl., ¶ 4.) A copy of Plaintiff's Request to Continue Initial Proposed Case Management Conference is attached as **Exhibit 3**.

4.     Defendants answered the Complaint in state court on April 11, 2019. (Ferrantella Decl., ¶ 5.) A copy of the Answer is attached as **Exhibit 4**.

## II.    REMOVAL IS TIMELY

5.     Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendants' deadline to remove is April 12, 2019. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This Notice of Removal is timely.

38135197_1.docx

1

### III.   <u>REMOVAL IS PROPER UNDER CAFA</u>

6.     Removal is proper given Plaintiff's allegations and claims. The Complaint asserts the following claims on a class and/or representative basis: (1) failure to pay overtime and minimum wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay wages upon separation of employment; (5) failure to provide accurate itemized wage statements; and (6) unfair competition. (*See* Ex. 1.)

7.     CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of the proposed class is over 100 in the aggregate; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

8.     This Court has jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in Plaintiff's proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A.   <u>CAFA's Diversity of Citizenship Requirement Is Satisfied</u>

9.     CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.,* No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing, *California v. InelliGender, LLC,* 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

10.    Plaintiff alleges that at all relevant times, she was a resident of Rancho Cucamonga, California and worked for Defendants in their Ontario, California warehouse. (Ex. 1, ¶ 6.)

///

38135197_1.docx

DEFENDANTS' NOTICE OF REMOVAL

11.    At all relevant times, XPO LOGISTICS, INC. has been a corporation organized under the laws of Delaware, with its principal place of business in Connecticut. The majority of XPO LOGISTICS, INC.'s executive and administrative functions have occurred in Connecticut. XPO LOGISTICS, INC. is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Declaration of Debra Myers ["Myers Decl."] ¶ 2.)

12.    At all relevant times, XPO LOGISTICS FREIGHT, INC. has been a corporation organized under the laws of Delaware, with its principal place of business in Michigan. The majority of XPO LOGISTICS FREIGHT, INC.'s executive and administrative functions have occurred in Michigan. XPO LOGISTICS FREIGHT, INC. is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Myers Decl. ¶ 3.)

13.    At all relevant times, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC. has been a corporation organized under the laws of New Jersey with its principal place of business in North Carolina. The majority of XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC.'s executive and administrative functions have occurred in North Carolina. XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC. is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Myers Decl. ¶ 4.)

14.    At all relevant times, XPO LOGISTICS SUPPLY CHAIN, INC. has been a corporation organized under the laws of North Carolina with its principal place of business in North Carolina. The majority of XPO LOGISTICS SUPPLY CHAIN, INC.'s executive and administrative functions have occurred in North Carolina. XPO LOGISTICS SUPPLY CHAIN, INC. is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Myers Decl. ¶ 5.)

38135197_1.docx

15.     At all relevant times, XPO LOGISTICS WORLDWIDE, INC. has been a corporation organized under the laws of Delaware with its principal place of business in North Carolina. The majority of XPO LOGISTICS WORLDWIDE, INC.'s executive and administrative functions have occurred in North Carolina. XPO LOGISTICS WORLDWIDE, INC. is not organized in California and does not have its headquarters, executive offices, or principal place of business in California. (Myers Decl. ¶ 6.)

**B.     CAFA's Class Size Requirement Is Satisfied**

16.      Plaintiff defines the Class as "[a]ll persons who have been employed by Defendants as Non-Exempt Production Employees or equivalent positions, however titled, in the state [*sic*] of California within four (4) years prior to the filing of the Complaint in this action until its resolution." (Ex. 1, ¶ 10.)

17.     From January 15, 2015 through the date of this Notice of Removal, Defendants employed, in the aggregate, more than 100 putative class members, as Defendants understand they are defined by Plaintiff. (Myers Decl. ¶ 7.)[1]

**C.     CAFA's Amount in Controversy Requirement is Satisfied by Plaintiff's Waiting Time Penalty Claim Alone**

18.     CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

19.     The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). For removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every

---

[1] By making this statement, Defendants in no way concede that Plaintiff, or any of the putative class members in this action were or are employed by all Defendants, that Plaintiff has standing to sue all Defendants, that any joint employment relationship exists, and do not concede in any way that Plaintiff's allegations in the Complaint are accurate or that Plaintiff's claims and/or proposed class are amenable to class treatment.

DEFENDANTS' NOTICE OF REMOVAL

38135197_1.docx

claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (citing *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012)).

### 1.   Waiting Time Penalties

20.   California Labor Code § 203 provides that "[i]f an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

21.   Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of herself and the rest of the Class. (Ex. 1, ¶ 66.) Her claim is derivative of her underlying claims for unpaid wages. In support of those claims, she alleges Defendants employed an unlawful time-rounding policy that "***consistently*** resulted in a failure to pay employees for the time worked while under control of Defendants." (*Id.*, ¶ 30 [emphasis added].) She further alleges "Defendants did not fully compensate Plaintiff ***and the Class*** for hourly wages during the liability period." (*Id.*, ¶ 34 [emphasis added].) Based on these allegations, Plaintiff claims "Defendants willfully failed and refused…to pay Plaintiff and Class Members their wages,…either at time of discharge, or within 72 hours of their voluntarily leaving Defendants' employ." (*Id.*, ¶ 65.) She therefore seeks waiting-time penalties "in the form of continued compensation for up to (30) work days." (*Id.*, ¶ 64.)

22.   A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

23.   From January 15, 2016, through the date of this removal, at least 8,376 putative class members separated from their employment with one of the Defendants. (Myers Decl. ¶ 8.) These putative class members earned an average hourly rate of at least $10.24, with an average daily rate of pay of $81.92, not including the overtime Plaintiff alleges they earned. (*Id.*) Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is

DEFENDANTS' NOTICE OF REMOVAL

38135197_1.docx

**$20,584,587.60** ($10.24 x 8 hours x 30 days x 8,376 putative class members = $20,584,857.60).

### 2.   Attorneys' Fees

24.   Based on the above claims, Defendants have demonstrated that $20,584,857.60 is in controversy based on plaintiff's allegations on the above claim for waiting time penalties alone.

25.   Plaintiff also seeks attorney fees. (Ex. 1, Prayer for Relief.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same).

26.   Assuming an award of attorneys' fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$5,146,214.40** ($20,584,857.60 x 0.25).

### 3.   Summary

27.   Even excluding Plaintiff's claims for failure to pay minimum wages, overtime wages, provide accurate wage statements, and to permit meal and rest periods, her allegations satisfy the $5,000,000 threshold for purposes of removal. Even the most conservative of estimated recoveries for Plaintiff's additional claims pushes the amount in controversy further over the $5 million threshold.

///

38135197_1.docx

DEFENDANTS' NOTICE OF REMOVAL

## IV.    <u>VENUE IS PROPER IN THIS COURT</u>

28.    Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Bernardino is within the Central District of California. 28 U.S.C. § 84(c)(1). Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

29.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Debra Myers and Jesse C. Ferrantella, and Exhibits 1 to 4, which constitute a copy of all processes, pleadings, and orders provided to Defendants.

30.    As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiff served her original Complaint on Defendants on March 13, 2019. (Ferrantella Decl. ¶ 3, Ex. 2.)

31.    As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiff through her attorneys of record.

32.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Bernardino.

33.    If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an Order to Show Cause so it may have an opportunity to more fully brief the grounds for this removal.

///

///

///

///

///

///

///

38135197_1.docx

DEFENDANTS' NOTICE OF REMOVAL

1

## V.  **CONCLUSION**

2

      For the foregoing reasons, Defendants remove the above-entitled action to the

3

United States District Court for the Central District of California.

4

5

DATED:  April 12, 2019

                      OGLETREE, DEAKINS, NASH,
                      SMOAK & STEWART, P.C.

6

7

                      By:  */s/ Spencer C. Skeen*
                            Spencer C. Skeen

8

                            Tim L. Johnson
                            Jesse C. Ferrantella

9

                            Nikolas T. Djordjevski
                      Attorneys for Defendants

10

                                          38135197.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

38135197_1.docx

28

DEFENDANTS' NOTICE OF REMOVAL