JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
9880 Research Drive, Suite 800
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com

**FILED**
**CLERK, U.S. DISTRICT COURT**

JULY 16, 2020

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ YS _____ DEPUTY

Attorneys for Plaintiff EMERITA CORADO-CORTEZ,
individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERITA CORADO-CORTEZ, individually and on behalf of all others similarly situated, | CASE NO.: 19-CV-00670-TJH (SHKx) |
| | Assigned For All Purposes To: Judge: Terry J. Hatter |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| XPO LOGISTICS, INC., a Connecticut Corporation; XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation, and DOES 1-10, inclusive, | 1. Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194 |
| | 2. Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Order 1-2001 |
| | 3. Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512 |
| | 4. Failure to Pay Timely Wages Required by Labor Code § 203 |
| Defendants. | 5. Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226 |
| | 6. Violation of Business & Professions Code § 17200, et seq.; and |
| | 7. Private Attorney General Act of 2004 ("PAGA") |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff EMERITA CORADO-CORTEZ ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants XPO LOGISTICS, INC., a Connecticut Corporation; XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation,  and DOES 1-10, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I.      JURISDICTION AND VENUE

1.      The United States District Court for the Central District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2.      This Court has personal jurisdiction over the Defendants because they have sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail themselves of the markets within this State through the promotion, sale, marketing, and distribution of their services.

3.      Venue is proper in the Central District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants are within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendants employ numerous Class Members throughout California.

4.      On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California.  The unlawful acts alleged herein have

had a direct effect on Plaintiff, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5.     Plaintiff, individually, and on behalf of all Class Members, pursuant to Business and Professions Code sections 17200 *et seq*., also seek restitution for all benefits Defendants enjoyed from their failure to  provide , rest and meal period compensation, and failure to provide accurate itemized wage statements

## II.  PARTIES

6.     Plaintiff, EMERITA CORADO-CORTEZ, was at all times relevant to this action, a resident of Rancho Cucamonga, California.  Plaintiff was employed by Defendants in their Ontario Warehouse in approximately July 2018 as a Non-Exempt Employee working in merchandise verification and merchandise picking, until her separation in approximately November 2018.

7.     Defendants XPO LOGISTICS, INC., XPO LOGISTICS, FREIGHT, INC., XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., XPO LOGISTICS SUPPLY CHAIN, INC., AND XPO LOGISTICS, WORLDWIDE, INC., own and operate as a freight transportation and logistics service provider. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last four years.

8.     Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 10, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

9.     Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed

Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions.   Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

### III.  CLASS ACTION ALLEGATION

10.     Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

11.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23.

12.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

13.     The proposed class is comprised of and defined as:

> All persons who have been employed by Defendants as Non-Exempt Production Employees or  equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as  the "Class" or "Plaintiff's Class" or "Class Members").

14.     Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "First Meal Period Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants

who worked in excess of ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Second Meal Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "First Rest Period Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendants who worked in excess of ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Third Rest Period Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendants at any time between January 2018 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 6:** All Class Members who have been employed by Defendants at any time between January 2016 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 7:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

. Plaintiff is a member of the Class as well as each of the Sub-Classes.

15.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

16.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

17.     <u>Numerosity</u>.   The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable.   While the exact

number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

18. <u>Commonality</u>.  Common questions of law and fact exist as to all Class members

and predominate over any questions that affect only individual members of the Class.  These common questions include, but are not limited to:

i. Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii. Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iii. Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders 1-2001, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iv. Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders 1-2001, by failing to provide a meal period to Plaintiff and Class Members  on days they worked work periods in excess of six and 10 hours and failing to compensate said employees one hour wages in lieu of meal periods;

v. Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code sections 1174.5 and the  applicable IWC Wage Orders 1-2001;

vi. Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226.

vii. Whether Defendants violated Business and Professions Code and

Labor Code sections 201-202, 510, 226, 226.7, 266.3, 512, 1174, 1174.5, 1175, 1194, 1197, 1197.1, and applicable IWC Wage Orders 1-2001 which violation constitutes a violation of fundamental public policy; and

       viii.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, *et. seq.*

       ix.      Whether Plaintiffs and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 558, 1194 and 1197.

       x.      Whether Plaintiff and Members of the Plaintiff Class are entitled to civil penalties pursuant to Labor Code Section 2698 *et seq.*

    19.      <u>Typicality</u>.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

    20.      <u>Adequacy</u>.  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom he has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

21.     Superiority.  A class action is superior to other available means for the fair and  efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.    Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

22.     Public Policy Considerations:  Employers in the state of California violate employment and labor laws everyday.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV.    FACTUAL ALLEGATIONS

23.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

24.    Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

25.    Defendants employed Plaintiff as a Non-Exempt Employee working as

a non-exempt hourly paid employee during the liability period at Defendants' Ontario, California, warehouse location.

26.    Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties of packaging various merchandise for shipment and also verifying that each box of shipment contains the correct merchandise items prior to shipping.

27.    The merchandise Plaintiff and Class Members handled were an assortment of Disney toys, clothing, and accessories.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

29.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

30.    On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

31.    On information and belief, during the relevant time frame, Plaintiff and Class Members typically worked five to seven days a week with shifts that began at approximately 6:30 a.m. and typically concluded at 5:00 p.m.

32.    Plaintiff is informed and believes that Plaintiff and Class Members were not compensated for all time worked as Plaintiff and Class Members performed worked prior to the start of their scheduled shifts and also at the end of their scheduled shifts. Plaintiff and Class Members were not compensated for such work as Defendants would round their times to only reflect their scheduled start times. This policy resulted in Plaintiff and the Class Member being subjected to Defendants' unlawful rounding policy. Defendants' implemented unlawful rounding

policy consistently resulted in a failure to pay employees for the time worked while under the control of Defendants. Defendants' rounding policy over time resulted on a large and disproportionate underpayment of wages including overtime wages to Plaintiff and Class Members.

33.   Plaintiff is informed and believes that Plaintiff and Class Members were caused to endure unprovided, untimely, interrupted meal periods of at least thirty (30) minutes for many of the work days such employees worked more than six hours (6) hours, were not provided uninterrupted second meal periods of at least thirty (30) minutes for any work days such employees worked more than ten (10) hours, and were not paid one (1) hour of wages by Defendants in lieu thereof, all in violation of the California Labor Code.

34.   Plaintiff is informed and believes that Plaintiff and Class Members were regularly required to work in excess of six (6) hours per day without Defendants providing them a timely, uninterrupted (30) minute meal period as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.  Plaintiff and Class Members were not provided lawful meal periods and were not provided with one hour of wages in lieu thereof under Defendants' policies and practices, which included work schedules placed upon the Class Members from Defendants' management and supervisors to perform work at the expense of their meal periods and Defendants' implementation of a shift schedule and workload requirements that denied Class Members all of their authorized meal periods, including second meal periods on shifts when they worked over ten (10) hours in a day.  On information and belief, Defendants' management would push Plaintiff and Class Members to finish the shipments, and as a result would have to take their lunches late and/or skip their lunches all together. Plaintiff and the Class did not waive any of their authorized and required meal periods, nor did they receive one hour of regular pay for each day Defendants failed to provide a lawful meal period.

35.   Plaintiff is informed and believes that during the liability period, Plaintiff and Class Members were consistently required to work in excess of four (4) hours (or major fraction thereof) without receiving lawful ten (10) minute rest periods.  On information and belief, Defendants' management would push Plaintiff and Class Members to finish the shipments, and as a result would often have to take their breaks late. The Class Members were also not provided with one hour wages in lieu thereof.   Defendants' policies and practices included Defendants' implementation of a work schedule and workload requirements that denied and failed to provide the Class all of their authorized rest periods, including first rest periods of at least ten (10) minutes for every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a third rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours.

36.   Defendants did not fully compensate Plaintiff and the Class for hourly wages during the liability period, including by virtue of the fact that Defendants did not compensate Plaintiff and Class Members with one extra hour of pay for Defendants' failure to provide such Non-Exempt Employees with each of their authorized rest periods and meal periods during the rest and meal period liability period.

37.   Upon information and belief, Defendants failed to provide accurate itemized wage statements to Plaintiff and Class Members as the wage statements provided failed to accurately account for all hours worked. Further, Defendants failed to provide accurate wage statements as Defendants' wage statements do not identify premium pay as required by Labor Code § 226.

38.   Upon information and belief, Defendants failed to keep accurate records pursuant to Labor Code § 1174.5.

39.   Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)     requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)     failing to provide accurate itemized wage statements;

(d)     failing to timely pay Plaintiff and Class Members; and

(e)     conducting and engaging in unfair business practices.

40.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

41.     Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 et seq.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

42.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

43.     At all times relevant, the IWC wage orders applicable to Plaintiff's and

the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

44.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.  Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

45.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

46.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve

(12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

47.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

48.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.  At all times relevant, Defendants failed to pay all wages and overtime owed to Plaintiff and Class Members for the work commenced prior to and after their scheduled shifts due to the Defendants' unlawful rounding policies.

49.     Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed to pay Plaintiff and Class Members the overtime wages owed.

50.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Against All Defendants)**

51.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

52.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less

than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties.  Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

54.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants.  As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

55.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512 and applicable IWC Wage Orders.

56.     Plaintiff and the Class Members he seeks to represent did not

voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their authorized meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of the business place upon the Non-Exempt Employees. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

57. As a result of the unlawful acts of Defendants described herein, Plaintiff and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

## **THIRD CAUSE OF ACTION**

## **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

### **(Against All Defendants)**

58. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

59. Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as

hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

60.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

61.     On information and belief Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of the business place upon the Non-Exempt Employees. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

62.     Plaintiff and Class Members he seeks to represent did not voluntarily or willfully waive rest periods and were regularly required to work extended shifts without being provided with all of their legally mandated rest periods.

63.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

### (Against All Defendants)

64.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

65.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

66.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

67.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

68.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

67.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

68.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

69.     IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and

reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

70.     Defendants have failed to accurately record all time worked.

71.     Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

72.     Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

73.     Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

74.     Pursuant to Labor Code section 266.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent

citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.

## (Against All Defendants)

75.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

76.     Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

77.     Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

78.     A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.   Defendants' policy of failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 226, §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

79.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

80.     Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the

filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## SEVENTH CAUSE OF ACTION

### PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT OF 2004

### By Plaintiff and Class Against All Defendants

81.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

82.     Pursuant to Labor Coe § 2699.3, (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intended to investigate the alleged violation within sixty (60) calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within sixty-five (65) calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

83.     On January 14, 2019 Plaintiff complied with the notice requirement pursuant to Labor Code Section 2699.3 and sent via certified mail written notice to the Labor and Workforce Development Agency and the alleged employers of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violation by attaching and incorporating by reference the operative Complaint and Proposed First Amended Complaint to Plaintiff's LWDA letter. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's LWDA

letter.

84.    Plaintiff is an aggrieved employee as defined in Labor Code Section 2699(a).  Plaintiff brings this cause of action on behalf of all current and former California Non-Exempt Employees of Defendants.

85.    Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties and unpaid wages for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint, including without limitation Labor Code section 201-203, 510, 512, 558, 226, 226.7, 266.3, 1174, 1174.5, 1175, 1194, 1197, 1197.1, and 1198 and 2698 *et seq.,* applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11000 *et. seq*.

86.    At all times relevant, Plaintiff and all other aggrieved employees regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the meal and rest break requirements of the applicable IWC wage order and the Labor Code.

87.    Defendants violated Labor Code section 510, 558, and 1194 by failing to accurately pay wages and overtime due to Defendant's unlawful rounding policy. Therefore, Defendants violated section 510, 558 and 1194 by not compensating its aggrieved employees for work performed in excess of eight hours (8) in a day or forty hours in a work week (40). Section 510 of the Labor Code codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week, which Defendant's also failed to do.

88.    Defendants also violated Labor Codes sections 200, 1194, and 1197 for failing to pay minimum wages for all work time, including off the clock work due to Defendant's unlawful rounding policies, while subject to the control of Defendant.

Labor Code §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot be averaged the minimum and the payment of a lesser wage than the established is unlawful.

89.     Defendants violated Labor Code sections 512 and 226.7 for failing to provide timely, uninterrupted first and second meal periods and requiring unlawful on duty meal periods, or compensation in lieu thereof.   Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

90.     Defendants failed to provide Plaintiff and all other aggrieved employees uninterrupted duty free meal periods of not less than thirty (30) minutes. Defendants implemented and enforced policies of on duty meal period practices which required employees to work during their meal periods, to forego their meal periods, and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes.   As a proximate result of the aforementioned violations, Plaintiff and all other aggrieved employees have been damaged in an amount according to proof at time of trial.

91.     Plaintiff, and on information and belief, all aggrieved employees, were systematically not permitted or authorized to take ten minute rest periods for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 1-2001, section 12.   Plaintiff and on information and belief, aggrieved employees, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies,

practices, or work demands.  By failing to authorize and permit a ten-minute rest period for every four hours or major fraction thereof worked per day by its Non-Exempt Employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and the applicable IWC Wage Order.

92.     Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

93.     Plaintiff and all other aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to compensation regular and overtime wages, and for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to penalties under PAGA for violations of Labor Code sections 201-203.

94.     On information and belief, Defendants willfully failed to pay all wages due and owing upon separation from employment.  These wages include regular and overtime wages, and meal and rest period premiums.

95.      On information and belief, Defendants failed to provide accurate itemized wage statements which failed to include all hours worked, including overtime, accurate accounting of, the lawful meal and rest period premiums due and owing to Plaintiff and the aggrieved employees, and the address of the legal entity that is the employer pursuant to Labor Code section 226(a).

96.     Additionally, Defendants have no accurate records relating to aggrieved

employees' work periods, meal periods, total daily hours worked, total hours worked per payroll period and applicable pay rates, in violation of Wage Order 1-2001.  Similarly, Defendants failed to maintain accurate records relating to hours worked daily in violation of Labor Code sections 1174(d), 1174.5.

97.     As a result of Defendants' unlawful conduct, Plaintiff and Aggrieved employees are entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours worked.

98.     Plaintiff and the Representative Aggrieved Employees are entitled to recover Penalties and attorneys' fees and costs sunder Labor Code section 2698, et. seq.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclass; and

4.     That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.     For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.     For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.     For such other and further relief as the Court deems proper.

FIRST AMENDED CLASS ACTION COMPLAINT

On the Second Cause of Action

1.      For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.      For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.      For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.      For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.      For statutory penalties pursuant to Labor Code §203;

2.      For interest for wages untimely paid; and

3.      For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.      For statutory penalties pursuant to Labor Code §226;

2.      For interest for wages untimely paid;

3.      For penalties pursuant to Labor Code §266.3; and

4.      For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to provide accurate itemized wage statements, pay wages, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.      For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.      For costs of suit incurred herein; and

- 25 -
FIRST AMENDED CLASS ACTION COMPLAINT

5.     For such other and further relief as the Court deems proper.

<u>On the Seventh Cause of Action</u>

1.     For penalties according to proof, pursuant to Labor Code §§ 2698 et seq.;

2.     For penalties according to proof, pursuant to Labor Code §§ 558 et seq.;

3.     For reasonable attorneys' fees and costs; and

4.     For such other and further relief as the Court deems proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: June 19, 2020                    JAMES HAWKINS APLC

By: /s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
Attorneys for Plaintiff EMERITA CORADO-CORTEZ, individually and on behalf of all others similarly situated.

# EXHIBIT 1

# JAMES *JH* HAWKINS

**A PROFESSIONAL LAW CORPORATION**
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

January 14, 2019

**Via LWDA Website**

Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste 801
Oakland, CA  94612
 http://www.dir.ca.gov/Private-Attorneys-General-Act

**Via Certified Mail**

XPO LOGISTICS, INC.,
**Attn: Legal**
Five American Lane,
Greenwich, CT 06831
Receipt No.  7018 1130 0001 8270 4067

XPO LOGISTICS, FREIGHT, INC.
**Agent for Service of Process:** REGISTERED AGENT SOLUTIONS, INC.
1220 S. St., Ste. 150
Sacramento, CA 95811
Receipt No.  7018 1130 0001 8270 4074

XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC.
**Agent for Service of Process:** REGISTERED AGENT SOLUTIONS, INC.
1220 S. St., Ste. 150
Sacramento, CA 95811
Receipt No.  7018 1130 0001 8270 4081

XPO LOGISTICS SUPPLY CHAIN, INC.
**Agent for Service of Process:** REGISTERED AGENT SOLUTIONS, INC.
1220 S. St., Ste. 150
Sacramento, CA 95811
Receipt No.  7018 1130 0001 8270 4098

XPO LOGISTICS WORLDWIDE, INC.
**Agent for Service of Process:** REGISTERED AGENT SOLUTIONS, INC.
1220 S. St., Ste. 150
Sacramento, CA 95811
Receipt No.  7018 1130 0001 8270 4104

**Re:     NOTICE PURSUANT TO LABOR CODE SECTIONS 2698,** *et seq.*

To Whom It May Concern:

 PLEASE TAKE NOTICE that plaintiff EMERITA CORADO-CORTEZ, individually and on behalf of all similarly situated representative aggrieved employees, gives NOTICE to commence and/or amend a civil action pursuant to California Labor Code Sections 2698, *et seq.* Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, XPO LOGISTICS, FREIGHT, INC., XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC.,  XPO LOGISTICS SUPPLY CHAIN, INC., and XPO LOGISTICS WORLDWIDE, INC. through their Agent for Service of Process (REGISTERED AGENT SOLUTIONS, INC.).

        Plaintiff hereby attaches a copy of the Proposed PAGA Representative Action Complaint to be filed in the Orange County Superior Court, as though fully set forth herewith setting out the specific provisions of the Labor Code Plaintiff alleges have been violated, including the facts and theories.  <u>All labor provisions in the  Proposed PAGA Representative Action Complaint alleged to have been violated pertain to all entities and individuals named in the Complaints, even if not expressly specified.</u>

        Please advise within sixty (60) days of the post mark on this letter if the LWDA intends to investigate these claims.  Thank you, and if you have any questions, please do not hesitate to contact me.

Very Truly Yours,

                Gregory Mauro

Enclosure:  Proposed PAGA Representative Action Complaint

2

James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
Michael Calvo, Esq. SBN 314986
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676
Email: JAMES@JAMESHAWKINSAPLC.COM
          GREG@JAMESHAWKINSAPLC.COM
          MICHAEL@JAMESHAWKINSAPLC.COM

Attorneys for Plaintiff, EMERITA CORADO-CORTEZ, on behalf of
the general public as private attorney general

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| EMERITA CORADO-CORTEZ, on behalf of the general public as private attorney general,<br><br>   Plaintiff,<br><br>   v.<br><br>XPO LOGISTICS, INC., a Connecticut Corporation, XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation; XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>   Defendants. | Case No.<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:<br>DEPT:<br><br>**[PROPOSED] PAGA REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698 et seq).** |

- 1 -

[PROPOSED] PAGA REPRESENTATIVE ACTION COMPLAINT

COMES NOW EMERITA CORADO-CORTEZ ("Plaintiff"), on behalf the general public and all non-exempt aggrieved employees, acting on behalf of the California Attorney General as private attorney general, asserts claims against Defendants XPO LOGISTICS, INC., a Connecticut Corporation; XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation,   and DOES 1-50, inclusive (collectively "Defendants") as follows:

## I.  **INTRODUCTION**

1.      This is a representative action for recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698 *et seq*.  PAGA permits "aggrieved employees" to bring a lawsuit as a representative action on behalf of the general public as private attorney general and all other current and former aggrieved employees, to recover civil penalties and address an employer's violations of the California Labor Code.

2.      In this case, Defendants violated various provisions of the California Labor Code. As set forth below, Defendants implemented policies and practices which led to unpaid wages resulting from Defendant's: (a) failure to accurately pay overtime wages, (b) failure to pay minimum wages (c) failure to provide meal periods for every work period exceeding more than ten (10) hours per day and failure to pay an additional hour's of pay or accurately pay an additional hour's of pay in lieu of providing a meal period; (d) failure to provide rest breaks for every four hours or major fraction thereof worked and failure to pay an additional hour's of pay or accurately pay an additional hour's of pay in lieu of providing a rest period; (e) failing to pay all wages earned and owed upon separation from Defendant's employ, and (f) failing to provide accurate itemized wage statements. As a result of these unpaid wages enumerated under Labor Code §2699.5, Plaintiff seeks penalties under Labor Code 2698, *et. seq.* on behalf of the general public as private attorney general and all other aggrieved employees as well as wages due and owing under Labor Code § 558 pursuant to the provision of Labor Code § 2699.5.

## II.  JURISDICTION AND VENUE

3.      The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not give jurisdiction to any other court.

4.      This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

5.      Venue as to each Defendant is proper in this judicial district pursuant to  Code of Civil Procedure section 395.  Defendants are doing business in the City of Ontario, and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and all other aggrieved employees within the State of California.  Defendants employ numerous aggrieved employees in in the State of California.

6.      On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California.  The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt aggrieved employees within California.

7.      The California Superior Court also has jurisdiction in this matter because on information and belief there are no federal questions at issue, as the issues herein are based solely on California statutes and law, including the California Labor Code, the IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

8.      On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendant consistently maintained and enforced against Defendant's Non-Exempt Aggrieved Employees, among others, the following unlawful practices

and policies, in violation of California state wage and hour laws:  (a) failure to accurately pay overtime wages, (b) failure to pay minimum wages (c) failure to provide meal periods for every work period exceeding more than ten (10) hours per day and failure to pay an additional hour's of pay or accurately pay an additional hour's of pay in lieu of providing a meal period; (d) failure to provide rest breaks for every four hours or major fraction thereof worked and failure to pay an additional hour's of pay or accurately pay an additional hour's of pay in lieu of providing a rest period; (e) failing to pay all wages earned and owed upon separation from Defendant's employ, and (f) failing to provide accurate itemized wage statements.

9.     On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to provide its Non-Exempt Employees within the State of California, including Plaintiff, unfettered, uninterrupted, duty free rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

10.     On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay overtime for hours worked in excess of forty hours in a workweek or more than 8 hours in a workday.

11.     On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay minimum wages for hours worked while subject to the control of Defendants.

12.     On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay or accurately pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

[PROPOSED] PAGA REPRESENTATIVE ACTION COMPLAINT

13.     On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work in excess of four hours and or ten (10) hours without authorizing and permitting a rest period and failing to pay or accurately pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not authorized and permitted, as required by California state wage and hour laws.

14.     On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to timely pay wages upon separation.

15.     On information and belief, during the statutory liability period and continuing to the present, Defendants have failed to provide Plaintiff and aggrieved employees accurate itemized wage statements.

16.     Plaintiff on behalf of the general public as private attorney general and all other aggrieved employees bring this action pursuant to Labor Code 2698, et. seq. for violations enumerated under 2699.5 as follows: sections 201-203, 510, 512, 558, 226, 226.7, 266.3, 1174, 1174.5, 1175, 1194, 1197, 1197.1, and 1198 seeking penalties, interest, attorneys' fees and costs.

### III.     PARTIES

**A. Plaintiff**

17.     Plaintiff, EMERITA CORADO-CORTEZ, was at all times relevant to this action, a resident of Rancho Cucamonga, California.  Plaintiff was employed by Defendants in their Ontario Warehouse in approximately July 2018 as a Non-Exempt Employee working in merchandise verification and merchandise picking, until her separation in approximately November 2018.

18.     As Defendants' employee, Plaintiff, and all other aggrieved employees were regularly required to and subsequently suffered:

(a) work in excess of eight (8) hours per day, and/or forty (40) hours per week; all in

violation of California labor laws, regulations, and the Industrial

Welfare Commission Wage Orders ("IWC");

(b) perform work subject to the control of the employer without being compensated at

least minimum wages, all in violation of California labor laws, regulations, and the

Industrial Welfare Commission Wage Order ("IWC");

(c) work without being permitted or authorized a minimum ten-minute rest period for

every four hours or major fraction thereof worked and not compensated one (1) hour

of pay at his regular rate of compensation for each workday that a rest period was not

provided, all in violation of California labor laws, regulations, and the Industrial

Welfare Commission Wage Orders ("IWC");

(d) work in excess of six and ten hours per day without being provided  meal periods and

not compensated one (1) hour of pay at the regular rate of compensation for each

workday that a meal period was not provided, all in violation of California labor laws,

regulations, and the Industrial Welfare Commission Wage Orders ("IWC");  and

(e) not provided accurate itemized wage statements.

19.     On information and belief, Defendants willfully failed to pay all earned wages in the form regular and overtime wages, and meal and rest period premium wages, in a timely manner to its Non-Exempt Employees and members of the Representative Group; nor have Defendants returned to Plaintiff or members of the Representative Group, upon or after separation from employment with Defendants, all compensation due for failure to pay meal and rest period premiums. Plaintiff seeks penalties under Labor Code 2698, *et. seq.* on behalf of the general public as private attorney general and all other aggrieved employees as well as wages due and owing under Labor Code § 558 pursuant to the provision of Labor Code § 2699.5.

**B. Defendants**

20.     Defendants XPO LOGISTICS, INC., XPO LOGISTICS, FREIGHT, INC., XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., XPO LOGISTICS SUPPLY CHAIN, INC., AND XPO LOGISTICS, WORLDWIDE, INC., own and operate as a freight

transportation and logistics service provider.  Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last year.

21.     Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.   Plaintiff will amend this complaint when their true names and capabilities are ascertained.

22.     Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Representative Group , and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## IV.     **GENERAL ALLEGATIONS**

23.     At all time set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, ("aggrieved employees"), however titled, throughout the state of California. Plaintiff and all other aggrieved employees have at all times pertinent hereto been non-exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

24.     Defendants employed Plaintiff as a Non-Exempt Employee working as a non-exempt hourly paid employee during the liability period at Defendants' Ontario, California, warehouse location.

25.     Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties of packaging various merchandise for shipment

and also verifying that each box of shipment contains the correct merchandise items prior to shipping.

26.     The merchandise Plaintiff and Aggrieved Employees handled were an assortment of Disney toys, clothing, and accessories.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

28.     During the relevant time frame, Defendants compensated Plaintiff and Aggrieved Employees based upon an hourly rate.

29.     On information and belief, during the relevant time frame, Plaintiff and Aggrieved Employees frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

30.     On information and belief, during the relevant time frame, Plaintiff and Aggrieved Employees typically worked five to seven days a week with shifts that began at approximately 6:30 a.m. and typically concluded at 5:00 p.m.

31.     Plaintiff is informed and believes that Plaintiff and Aggrieved Employees were not compensated for all time worked as Plaintiff and Aggrieved Employees performed worked prior to the start of their scheduled shifts and also at the end of their scheduled shifts. Plaintiff and Aggrieved Employees were not compensated for such work as Defendants would round their times to only reflect their scheduled start times. This policy resulted in Plaintiff and the Aggrieved Employees being subjected to Defendants' unlawful rounding policy. Defendants' implemented unlawful rounding policy consistently resulted in a failure to pay employees for the time worked while under the control of Defendants. Defendants' rounding policy over time resulted on a large and disproportionate underpayment of wages including overtime wages to Plaintiff and Aggrieved Employees .

32.     Plaintiff is informed and believes that Plaintiff and Aggrieved Employees were caused to endure unprovided, untimely, interrupted meal periods of at least thirty (30) minutes for

many of the work days such employees worked more than six hours (6) hours, were not provided uninterrupted second meal periods of at least thirty (30) minutes for any work days such employees worked more than ten (10) hours, and were not paid one (1) hour of wages by Defendants in lieu thereof, all in violation of the California Labor Code.

33.   Plaintiff is informed and believes that Plaintiff and Aggrieved Employees  were regularly required to work in excess of six (6) hours per day without Defendants providing them a timely, uninterrupted (30) minute meal period as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.   Plaintiff and Aggrieved Employees  were not provided lawful meal periods and were not provided with one hour of wages in lieu thereof under Defendants' policies and practices, which included work schedules placed upon the Aggrieved Employees  from Defendants' management and supervisors to perform work at the expense of their meal periods and Defendants' implementation of a shift schedule and workload requirements that denied Aggrieved Employees  all of their authorized meal periods, including second meal periods on shifts when they worked over ten (10) hours in a day.   On information and belief, Defendants' management would push Plaintiff and Aggrieved Employees  to finish the shipments, and as a result would have to take their lunches late and/or skip their lunches all together. Plaintiff and the Aggrieved Employees did not waive any of their authorized and required meal periods, nor did they receive one hour of regular pay for each day Defendants failed to provide a lawful meal period.

34.   Plaintiff is informed and believes that during the liability period, Plaintiff and Aggrieved Employees  were consistently required to work in excess of four (4) hours (or major fraction thereof) without receiving lawful ten (10) minute rest periods.   On information and belief, Defendants' management would push Plaintiff and Aggrieved Employees  to finish the shipments, and as a result would often have to take their breaks late. The Aggrieved Employees were also not provided with one hour wages in lieu thereof.   Defendants' policies and practices included Defendants' implementation of a work schedule and workload requirements that denied and failed to provide the Aggrieved Employees all of their authorized rest periods, including first

rest periods of at least ten (10) minutes for every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a third rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours.

35.    Defendants did not fully compensate Plaintiff and the Aggrieved Employees for hourly wages during the liability period, including by virtue of the fact that Defendants did not compensate Plaintiff and Aggrieved Employees  with one extra hour of pay for Defendants' failure to provide such Non-Exempt Employees with each of their authorized rest periods and meal periods during the rest and meal period liability period.

36.    Upon information and belief, Defendants failed to provide accurate itemized wage statements to Plaintiff and Aggrieved Employees  as the wage statements provided failed to accurately account for all hours worked. Further, Defendants failed to provide accurate wage statements as Defendants' wage statements do not identify premium pay as required by Labor Code § 226.

37.    Upon information and belief, Defendants failed to keep accurate records pursuant to Labor Code § 1174.5.

38.    Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

39.    Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)    requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided*;*

(b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation

for each workday that such a meal period was not provided;

      (c)     failing to provide accurate itemized wage statements;

      (d)     failing to timely pay Plaintiff and Aggrieved Employees; and

      (e)     conducting and engaging in unfair business practices.

      40.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and aggrieved employees for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

## V.    REPRESENTATIVE CLAIMS

### THE PRIVATE ATTORNEYS GENERAL ACT- LABOR CODE §§ 2698 *et seq.*

      41.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

      42.     On _____2019, Plaintiff complied with notice requirements pursuant to Labor Code section 2699.3.  A copy of the letter sent to the LWDA is attached hereto as **Exhibit A**, indicating that the LWDA and Defendants were put on notice of the claims alleged here and that the notice requirement has been satisfied.  Sixty five days have passed and the LWDA has not indicated intent to investigate the claims. Therefore, Plaintiff may proceed with this action in a representative capacity. The substance and violations set forth in this Complaint of which the LWDA was provided timely notice, Plaintiff has also sent a copy of this PAGA Representative Action Complaint to the LWDA.

      43.     Plaintiff is an aggrieved employee as defined in Labor Code Section 2699(a). Plaintiff brings this cause of action on behalf of all current and former California Non-Exempt Employees of Defendants.

      44.     Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties and unpaid wages for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint, including without limitation Labor Code section 201-203, 510, 512, 558, 226, 226.7, 266.3, 1174, 1174.5, 1175, 1194, 1197, 1197.1, and 1198 and 2698 *et seq.,* applicable

IWC Wage Orders and <u>California Code of Regulations, Title 8, section 11000</u> *et. seq*.

45.     At all times relevant, Plaintiff and all other aggrieved employees regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the meal and rest break requirements of the applicable IWC wage order and the Labor Code.

46.     Defendants violated Labor Code section 510, 558, and 1194 by failing to accurately pay wages and overtime due to Defendant's unlawful rounding policy. Therefore, Defendants violated section 510, 558 and 1194 by not compensating its aggrieved employees for work performed in excess of eight hours (8) in a day or forty hours in a work week (40). Section 510 of the Labor Code codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week, which Defendant's also failed to do.

47.     Defendants also violated Labor Codes sections 200, 1194, and 1197 for failing to pay minimum wages for all work time, including off the clock work due to Defendant's unlawful rounding policies, while subject to the control of Defendant. Labor Code §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot be averaged the minimum and the payment of a lesser wage than the established is unlawful.

48.     Defendants violated Labor Code sections 512 and 226.7 for failing to provide timely, uninterrupted first and second meal periods and requiring unlawful on duty meal periods, or compensation in lieu thereof.  Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period

[PROPOSED] PAGA REPRESENTATIVE ACTION COMPLAINT

was not waived.

49. Defendants failed to provide Plaintiff and all other aggrieved employees uninterrupted duty free meal periods of not less than thirty (30) minutes. Defendants implemented and enforced policies of on duty meal period practices which required employees to work during their meal periods, to forego their meal periods, and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes. As a proximate result of the aforementioned violations, Plaintiff and all other aggrieved employees have been damaged in an amount according to proof at time of trial.

50. Plaintiff, and on information and belief, all aggrieved employees, were systematically not permitted or authorized to take ten minute rest periods for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 1-2001, section 12. Plaintiff and on information and belief, aggrieved employees, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period for every four hours or major fraction thereof worked per day by its Non-Exempt Employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and the applicable IWC Wage Order.

51. Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

52. Plaintiff and all other aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to

compensation regular and overtime wages, and for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to penalties under PAGA for violations of Labor Code sections 201-203.

53.　　On information and belief, Defendants willfully failed to pay all wages due and owing upon separation from employment. These wages include regular and overtime wages, and meal and rest period premiums.

54.　　On information and belief, Defendants failed to provide accurate itemized wage statements which failed to include all hours worked, including overtime, accurate accounting of, the lawful meal and rest period premiums due and owing to Plaintiff and the aggrieved employees, and the address of the legal entity that is the employer pursuant to Labor Code section 226(a).

55.　　Additionally, Defendants have no accurate records relating to aggrieved employees' work periods, meal periods, total daily hours worked, total hours worked per payroll period and applicable pay rates, in violation of Wage Order 1-2001. Similarly, Defendants failed to maintain accurate records relating to hours worked daily in violation of Labor Code sections 1174(d), 1174.5.

56.　　As a result of Defendants' unlawful conduct, Plaintiff and Aggrieved employees are entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours worked.

57.　　Plaintiff and the Representative Aggrieved Employees are entitled to recover Penalties and attorneys' fees and costs sunder Labor Code section 2698, et. seq.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.　　For penalties according to proof, pursuant to Labor Code §§ 2698 et seq.;

2.　　For penalties according to proof, pursuant to Labor Code §§ 558 et seq.;

3.　　For reasonable attorneys' fees and costs; and

4.　　For such other and further relief as the Court deems proper.

Dated:  January 14, 2019

**JAMES R. HAWKINS, APLC**

James R. Hawkins, Esq.
Gregory E. Mauro, Esq.
Michael Calvo, Esq.

Attorneys for Plaintiff, and the general public
as private attorneys general

- 15 -

[PROPOSED] PAGA REPRESENTATIVE ACTION COMPLAINT