JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
James@jameshawkinsaplc.com
GREGORY MAURO, SBN 222239
Greg@jameshawkinsaplc.com
MICHAEL CALVO, SBN 3149864
Michael@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys for EMERITA CORADO-CORTEZ individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERITA CORADO-CORTEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XPO LOGISTICS, INC., a Connecticut Corporation; XPO LOGISTICS, FREIGHT, INC., a Delaware Corporation, XPO LOGISTICS SUPPLY CHAIN CORPORATE SERVICES, INC., a New Jersey Corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; XPO LOGISTICS, WORLDWIDE, INC., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 19-CV-00670-TJH (SHKx)<br><br>Honorable Terry J. Hatter, Jr.<br><br>**FINAL ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT   [32]**<br><br>Date: September 13, 2021<br>Time: UNDER SUBMISSION<br>Dept.: 9B, 9th Floor<br><br>Complaint Filed January 15, 2019<br>Removed April 12, 2019 |

Plaintiff Emerita Corado-Cortez, in her individual capacity, as a class representative, and as a private attorneys general ("Plaintiff") and Defendants XPO Logistics Supply Chain, Inc., XPO Supply Chain Corporate Services, XPO Logistics, Inc., XPO Logistics Freight, Inc., and XPO Logistics Worldwide, Inc. ("Defendants") (collectively, "The Parties") reached a settlement subject to Court approval as represented in the Joint Stipulation of Class Action Settlement (the "Settlement" or the "Stipulation") that was filed previously with this Court. On September 13, 2021, this Court conducted a final approval hearing pursuant to this Court's previous Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") entered herein on or about April 14, 2021. Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the matter, and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of the Federal Rules of Civil Procedure, Rule 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order. The Class is defined as all persons employed by XPO Logistics Supply Chains, Inc. ("XPO-LSC") in California as non-exempt production employees or equivalent positions, however titled, and employees of Axcess Staffing Services, LLC ("Axcess") placed to work for XPO-LSC in California as non-exempt production employees or equivalent positions, however titled.

2.  This Order and Judgment Granting Final Approval of Class Action Settlement hereby adopts and incorporates by reference the terms and conditions of the parties' Settlement, together with the definitions of terms used and contained therein.

3.      The Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4.      The Notice Packet composed of the Class Notice and Opt-Out form ("Class Notice") given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon or exclude themselves from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute and timely mail a Request for Exclusion to make an Opt Out Request are bound by this Order and Judgment. The Court finds that nine (9) members of the Class made an Opt Out Request and there were zero Objections received.

5.      The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting Final Approval. In particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. Accordingly, the Court hereby approves

**FINAL APRPOVAL ORDER AND JUDGMENT**

the Settlement as set forth in the Stipulation and expressly finds that said Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Stipulation.

6. The Court hereby approves the following to be deducted from the Gross Settlement Fund (or "GSF") and paid. Attorney's fees are to be deducted from the GSF and paid to Class Counsel in the amount of $372,602.19 and costs in the amount of $13,315.65, as compensation for all attorney time spent on this matter from inception through and including the Final Approval Hearing and all other work related to this case and all costs, as these requests are fair and reasonable. Costs to the Settlement Administrator shall be paid from the GSF in the amount of $25,000.00 are hereby approved as fair and reasonable. No other costs or fees relief shall be awarded, either against Defendants or any other of the Released Parties, as defined in the Stipulation.

7. The Court hereby approves an Enhancement Award to Plaintiff EMERITA CORADO-CORTEZ in the amount of $5,000, which shall be paid from the GSF. Plaintiff's Enhancement Award is approved as a service award to Plaintiff for serving as the class representative and in consideration and exchange for Plaintiff's Complete and General Release of all claims as explained in the Settlement. Based on the contributions to the Class, risks incurred, stigma, change of policies, execution of a general release and all other factors presented to the Court, the Court finds this request fair and reasonable.

8. The Court hereby approves payment from the GSF of a PAGA Award of $50,000.00, with $37,500.00 payable to the Labor Workforce Development Agency ("LWDA"), as this request is fair and reasonable and the remainder of $12,500 deducted from the GSF to be paid to the Class Members as stated in the Settlement. The Court approves the Settlement pursuant to the PAGA, including Labor Code section 2699(l)(2).

9.     Entry of this Final Judgment shall constitute a full and complete bar against Plaintiff and the Settlement Class (whether individuals, cumulatively or in any combination or in any manner) and in favor of the Defendants and the Released Parties (as defined in the Settlement) from bringing any Released Claims against Defendants and Released Parties (as defined in the Settlement) (whether individually, cumulatively or in any combination or in any manner), and shall constitute res judicata and collateral estoppel with respect to the Released Claims, except to those who timely and properly opted out of the Settlement pursuant to the terms of the Stipulation. For purposes of clarity, "Released Parties" means Defendants and all of its past and present owners, officers, directors, shareholders, employees, agents, assigns, attorneys, insurers, brands and concepts, parent companies, subsidiaries, and affiliates, and their respective predecessors, successors, assigns, and any individual or entity that could be jointly liable with Defendants, without limitation. While not named in the above-referenced cases, Defendants allege Axcess directly employed Plaintiff and placed her with XPO-LSC. Thus, the Released Parties specifically includes Axcess as to the Released Claims by the Class Members. "Released Claims" means all claims for wages, damages, liquidated damages, penalties, benefits, interest, attorney fees, litigation costs, restitution, or equitable relief, which Plaintiff, the Class, and/or any Class Member had, or may claim to have, against any of the Released Parties, alleged or could have been alleged arising out of the facts, circumstances, and primary rights at issue in the Complaints during the Class Period, including claims for (1) all unpaid wages, including unpaid minimum and overtime wages; (2) failure to provide meal periods and claims regarding meal period premium pay; (3) failure to provide rest periods and claims regarding rest period premium pay; (4) failure to provide accurate wage statements; (5) failure to timely pay wages or compensation upon termination and during employment; (6) claims for violation of Business and Professions Code §§ 17200, et seq.; and (7) claims for civil penalties under PAGA related thereto.

10. By operation of the entry of this Final Order and Judgment, as of the Effective Date, the Parties and Class Members, except those who excluded themselves from the Settlement, are ordered to perform their respective duties and obligations under the Settlement.

11. The Agreement is not an admission by Defendants or any of the other Released Parties, nor is this Final Approval Order and Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Defendants or any of the other Released Parties. Neither this Final Approval Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as an admission by or against Defendants or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendants or any of the Released Parties in any court, administrative agency or other tribunal for any purpose as an admission whatsoever other than to enforce the provisions of this Final Approval Order and Judgment, the Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Parties may file in the Action or in any other proceeding this Final Approval Order and Judgment, the Agreement, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or ossue preclusion or similar defense as to the claims being released by the Settlement.

12. If the Settlement is successfully challenged and, as a result, does not become final and effective in accord with the terms of the Settlement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void and be vacated.

# JUDGMENT

In accordance with, and for the reasons stated in, the Final Approval Order, Judgment shall be entered whereby Plaintiff and all Settlement Class Members, except those who excluded themselves from the Settlement, shall take nothing from Defendants and Released Parties, except as expressly set forth in the Settlement, which was previously filed, as part of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement.

Pursuant to Federal Rules of Civil Procedure, Rule 23, this Court reserves exclusive and continuing jurisdiction over this action, Plaintiff, Class Members, and Defendant, for the purposes of:

(a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Preliminary Approval Order, the plan of allocation, the Final Approval Order, and the Judgment; and

(b) supervising distribution of amounts paid under this Settlement.

**IT IS SO ORDERED.**

Dated: OCTOBER 13, 2021

The Honorable Terry J. Hatter, Jr.
U.S. District Judge